**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT CLARKSBURG**

**WEST VIRGINIA RIVERS COALITION**
**and WEST VIRGINIA HIGHLANDS**
**CONSERVANCY,**

**Plaintiffs,**

**v.** **Civil Action No. 1:26-cv-00046-TSK**

**AMSTED GRAPHITE MATERIALS LLC,**

**Defendant.**

**REPORT OF THE PARTIES' PLANNING MEETING**

`1. Pursuant to the Court's First Order and Notice Regarding Discovery and Scheduling Conference, ECF No. 6, Fed. R. Civ. P. 16(b) and Local Rule of Civil Procedure 16.01, the parties to this action met via video conference on August 13, 2026. J. Michael Becher and Amanda Demmerle participated on behalf of the Plaintiffs and Sean Radomski participated on behalf of the Defendant.

2. Pursuant to L.R. Civ. P. 160.01(b)(1), the parties determined that this is not complex case for which specialized case management is necessary.

3. Pursuant to L.R. Civ. P. 16.01(b)(2), the parties discussed the potential to stipulate to facts. No specific factual stipulations were reached during the meeting, but the parties believe they may be able to stipulate to certain relevant facts at a later date.

4. Pursuant to L.R. Civ. P. 16.01(b)(3), the parties decided that they do not consent to trial by a magistrate judge.

5. Pursuant to L.R. Civ. P. 16.01(b)(4) the parties considered alternative dispute resolution and determined that it is not warranted in this case at this time. The Parties believe that mediation, if appropriate, will be better scheduled at a later date.

6. Pursuant to L.R. 16.01(b)(5) the parties conferred regarding the discovery of Electronically Stored Information ("ESI"). The parties believe that the volume of ESI will be manageable and that documents sought in discovery will likely be identifiable without the need for broad electronic search and collection. They further agree that if either party determines, in the future, that a response to a discovery request will require a significant search of ESI that they will meet and confer to agree on custodians of documents, search terms, and the produceable form of documents. Finally, the parties agree that they will make best efforts to keep in mind and comply with the Court's Guidelines for the Discovery of Electronically Stored Information.

7. The parties also discussed a discovery plan and agree that discovery will be available on all allegations in the Plaintiffs' Complaint and Defendant's defenses to those allegations. Plaintiffs expect that discovery will focus on Defendant's liability for violations alleged in the complaint and application of the statutory factors for assessing civil penalties under 33 U.S.C. § 1319(d). Defendant expects that discovery will focus on Plaintiffs' standing and defenses to liability.

8. The Parties were not able to agree on a proposed schedule. Generally, Defendant's position is that discovery should not take place until after resolution of the pending motion to dismiss. Plaintiffs' believe that discovery should commence without delay. The parties will provide initial disclosures, as required by the Court's Order and Notice, no later than September 14, 2026.

9. <u>Plaintiffs' Position:</u>

Plaintiffs' position is that that discovery should commence as allowed by the Federal Rules of Civil Procedure 26(d). Plaintiffs believe that there is no basis for delay of discovery and that proceeding on a typical schedule will lead to the most efficient resolution of this matter. Defendant's justifications for granting a stay presume that the current action is unconstitutional. As Plaintiffs will show in their response to the pending motion to dismiss, that argument is not likely to succeed and therefore does not support a stay. Moreover, as recognized by former Chief Judge Keeley, "it would contravene the purpose of the CWA to indefinitely stay a citizen suit when the statutory conditions precedent for filing such a suit are satisfied." *W.Va. Highlands Conservancy v. Monongahela Power Co.*. 2012 WL 11122, at *5 (N.D.W. Va. Jan. 3, 2012) (citing *St. Bernard Citizens for Environmental Quality, Inc. v. Chalmette Refining, L.L.C.,* 348 F.Supp.2d 765, 767–68 (E.D.La.2004). Plaintiffs would more fully brief the issue if Defendant files a motion to stay discovery or upon request of the Court.

Plaintiffs proposed the following deadlines according to the checklist provided in the Court's Order and Notice, ECF. No. 6:

| | |
|---|---|
| Join Parties or Amend Pleadings | September 30, 2026 |
| Plaintiff Expert Disclosures | April 2, 2027 |
| Defendant Expert Disclosures | May 3, 2027 |
| Completion of Discovery | June 4, 2027 |
| Mediation | 45 days before trial (if agreed) |
| Dispositive Motions | July 2, 2027 |
| Response to Dispositive Motions | Within 21 days of the filing of the motion, or July 23, 2027 |
| Reply to Dispositive Motions | Within 14 days after the filing of the motion, or August 6, 2027 |
| Pretrial Disclosures, Fed. R. Civ. Pro. 26(a)(3) | 30 days before trial |

| | |
|---|---|
| Objections to Pretrial Disclosures | 21 days before trial |
| Proposed Voir Dire, Jury Instructions, Verdict Forms & Special Interrogatories | 30 days before trial (if applicable) |
| Objections to Voir Dire, Jury Instructions, Verdict Forms & Special Interrogatories | 21 days before trial (if applicable) |
| Motions in Limine | 30 days before trial |
| Objections to Motions in Limine | 21 days before trial |
| Biographical sketches | 30 days before trial |
| Joint Pre-Trial Order | 14 days before trial |
| Stipulation of Facts | 14 days before trial |
| Pre-trial Settlement/Conference | 10 days before trial |
| Trial Date | January or February 2028 (2-3 days) |

10. <u>Defendant's Position</u>

Although Defendant acknowledges that the scheduling deadlines proposed by Plaintiffs are consistent with those proposed in normal cases and discovery is presumptively not stayed pending a motion to dismiss, that presumption should give way here because the existence of Plaintiffs' lawsuit inflicts an unconstitutional "here-and-now injury" on Defendant. The Supreme Court has held that a here-and-now injury occurs when a party is being subjected to unconstitutional authority by an actor that illegitimately wields government power. *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191 (2023); *see Seila Law LLC v. CFPB*, 591 U.S. 197, 212 (2020). That occurs here because Plaintiffs wield executive power, *see* ECF Doc. 8 at 5-8, in violation of the private nondelegation doctrine, *id.* at 8-15, and they have not been properly appointed. *Id.* at 18-21. The here-and-now injury was complete when Plaintiffs "fil[ed] their Complaint without the Government's 'say-so.'" *Id.* at 9 (quoting *FCC v. Consumers' Rsch.*, 606 U.S. 656, 695 (2025)). However, allowing discovery to proceed would exacerbate this injury because every time Plaintiffs serve an interrogatory or request for production and notice a deposition without the Government's "say-so," this will further subject Defendant to illegitimately-wielded governmental power. *Space Exploration Techs. Corp. v. NLRB*, 151 F.4th 761, 780 (5th Cir. 2025); *see Suri v. Trump*, --- F.4th ----, 2026 WL 2123557, at *25 (4th Cir. July 23, 2026). *But see Manis v. U.S. Dep't of Agric.*, 2025 WL 2389422, at *4 (4th Cir. Aug. 21, 2025). Therefore, because this case presents a rationale different than that normally advanced by parties seeking a stay of discovery – avoidance of constitutional injury versus mere avoidance of litigation costs –

the default rule of allowing discovery while a motion to dismiss is pending should give way. *See Est. of Graham v. Sothebys Inc*, No. 2:11-CV-08604-JHN –FFM, 2012 WL 13227047, at *1 (C.D. Cal. Mar. 28, 2012) (holding that staying discovery "pending a decision" of a motion to dismiss challenging the constitutionality of a California statute "makes good sense because a decision in favor of Defendants will dispose of the case completely and avoid the burden and costs associated with discovery.") See also, *Katana Silicon Technologies LLC v. Micron Technology, Inc*., 2023 WL 7283395, *3–*6 (D. Idaho 2023); *Nakai v. Charter Commc'ns, Inc.*, No. CV 19-8035-GW-SSX, 2020 WL 1908949, at *6 (C.D. Cal. Apr. 15, 2020).[1] Defendant is willing to provide additional briefing on this issue, but considering the significant constitutional questions presented and that resolution of that motion in Defendant's favor will dispose of all claims, Defendant believes that it is appropriate withhold issuing a normal scheduling order until the motion to dismiss is decided.

Defendant would also note that it filed a notice of constitutional question and served that notice on the Attorney General of the United States, in compliance with Fed. R. Civ. P. 5.1. The Attorney General has until on or about October 6, 2026 to intervene. As such, there may still be an additional party to this action and Defendant believes that it is premature to enter a scheduling order until it is clear that all parties have appeared and discussed scheduling deadlines and issues related to the same.

Dated: August 27, 2026

Respectfully Submitted,

**/s/ J. Michael Becher**
J. Michael Becher (WVSB# 10588)
Appalachian Mountain Advocates
P.O. Box 11571
Charleston, WV 25339
(304) 382-4798
mbecher@appalmad.org

**/s/ Peter J. Raupp**
Peter J. Raupp (WVSB# 10546)
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Phone: (304) 353-8000
Fax: (304) 353-8180
Peter.Raupp@Steptoe-Johnson.com

[1] No discovery is necessary to address the constitutional questions presented in Defendant's motion to dismiss.

Jim Hecker
Public Justice (*Pro Hac Vice*)
1620 L Street, NW, Suite 630
Washinton, D.C. 20036
(202) 797-8600
jhecker@publicjustice.net

*Counsel for Plaintiffs*

Sean Radonski
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Phone: (202) 888-6881
Fax: (916) 419-7747
*srandonski@pacificlegal.org*

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, J. Michael Becher, hereby certify that on August 27, 2026, I filed the foregoing Report of the Parties' Planning Meeting through the Court's ECF system, which will provide service and notification to the following:

**Allyn G. Turner**
Spilman Thomas & Battle PLLC
300 Kanawha Blvd E
P. O. Box 273
Charleston, WV 25321-0273
304-340-3800
Fax: 304-340-3801
Email: aturner@spilmanlaw.com

**Damien M. Schiff**
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
916-419-7111
Fax: 916-419-7747
Email: dschiff@pacificlegal.org

**David M Flannery**
Steptoe & Johnson PLLC-Charleston
P.O. Box 1588
707 Virginia St., East, Suite 1700
Charleston, WV 25326-1588
(304) 353-8171
Fax: (304) 353-8183
Email: Dave.Flannery@steptoe-johnson.com

**Devon Joseph Stewart**
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326
304-353-8188
Fax: 304-933-8703
Email: dstewart@lewisgianola.com

**Kathy G Beckett**
Steptoe & Johnson PLLC-Charleston
P.O. Box 1588
707 Virginia St., East, Suite 1700
Charleston, WV 25326-1588
(304) 353-8172
Fax: (304) 353-8183
Email: Kathy.Beckett@steptoe-johnson.com

**Peter J. Raupp**
Steptoe & Johnson PLLC-Charleston
P.O. Box 1588
707 Virginia St., East, Suite 1700
Charleston, WV 25326-1588
(304) 353-8125
Fax: (304) 353-8180
Email: peter.raupp@steptoe-johnson.com

**Sean J. Radomski**
Pacific Legal Foundation
3100 Clarendon Blvd.
Suite 1000
Arlington, VA 22201
202-888-6881
Fax: 916-419-7747
Email: sradomski@pacificlegal.org

Respectfully Submitted,

/s J. Michael Becher
J. Michael Becher (WVSB# 10588)