**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG DIVISION**

| | | |
|---|---|---|
| WEST VIRGINIA RIVERS COALITION and WEST VIRGINIA HIGHLANDS CONSERVANCY,<br><br>Plaintiffs,<br><br>v.<br><br>AMSTED GRAPHITE MATERIALS LLC,<br><br>Defendant. | ) | No. 1:26-cv-00046-TSK |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AMSTED GRAPHITE MATERIALS LLC'S MOTION TO STAY DISCOVERY**

COMES NOW Amsted Graphite Materials LLC ("Amsted Graphite" or "Defendant"), by counsel, pursuant to Rule 26(c)(1) of the *Federal Rules of Civil Procedure* and moves this Honorable Court to exercise its inherent authority by staying discovery in this matter pending resolution of Amsted's Motion to Dismiss. ECF No. 5. In support of this motion, Amsted states as follows:

1. West Virginia Rivers Coalition and West Virginia Highlands Conservancy (collectively "Plaintiffs") filed their Clean Water Act ("CWA") Complaint against Amsted Graphite on April 23, 2026. ECF No. 1.

2. Plaintiffs allege that Amsted Graphite, while operating its facility, located in Anmoore, West Virginia, violated its WV/NPDES Permit discharge limits and the WVDEP 2024 interim limits on at least 1130 occasions since November 2023, and "will continue to be in violation of its permit limits unless and until it constructs and operates an upgraded wastewater treatment system." *Id.* ¶¶ 29, 34–39.

3. Plaintiffs pray for declaratory and injunctive relief, request that this Court assess a $68,445 penalty "***per day*** for each violation" against Amsted Graphite and seek attorney's and expert witness fees. *Id.* ¶¶ 22–23 & Requests for Relief (emphasis added).

4. In other words, Plaintiffs seek catastrophic penalties and costs of more than $77 million from Amsted Graphite.

5. On August 5, 2026, Amsted moved to dismiss Plaintiffs' claim, because 33 U.S.C. § 1365, the CWA's citizen suit provision, violates the separation of powers. ECF Nos. 7-8. As discussed in extensive detail in Amsted's motion to dismiss and reply in support, (1) Plaintiffs are exercising executive power in violation of the private nondelegation doctrine; (2) Plaintiffs' CWA suit violates the executive vesting and take care clauses by preventing the executive branch from employing prosecutorial discretion; and (3) CWA suits violate the Appointments Clause. *See generally*, ECF Nos. 8, 26.

6. There can be no doubt that the Court has broad discretion to stay discovery under the circumstances presented. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6, 118 S. Ct. 1761, 1769 n.6 (1998) (quoting *Landis v. N. American Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 166 (1936)). A motion to stay is committed to the sound discretion of the district court. *Gisper v. Simplicity, Inc.*, 2011 WL 128776, at *3 (N.D.W. Va. Jan. 14, 2011).

7. Indeed, "stay[ing] discovery in advance of deciding a pending dispositive motion . . . 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *United States v. A.T. Massey Coal Co.*, No. 2:07-0299,

2007 WL 3051449, at *2 (S.D. W. Va. Oct. 18, 2007) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)).

8. After all, "[t]he purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery" and the idea that discovery should be permitted before deciding a motion to dismiss "is unsupported and defies common sense."" *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (citation omitted). *See also*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("[A] motion to dismiss based on failure to state a claim for relief ... should ... be resolved before discovery begins.")

9. The exercise of this discretion requires the Court to "weigh competing interests and maintain an even balance." *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 462 (S.D. W. Va. 2013) (quoting *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)). Accordingly, "[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative"; the movant must demonstrate "'a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay' will harm someone else." *Id.*

10. The following factors are to be considered when deciding whether to grant a stay: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Id.* (quoting *Tolley v. Monsanto Co.*, 591 F. Supp. 2d 837, 844 (S.D. W. Va. 2008)). *See also*, *Good v. USAA Gen. Indem. Co.*, No. 1:22-CV-71, 2023 WL 6186665, at *2 (N.D.W. Va. June 2, 2023); *Clark v. Appalachian Power Co.*, No. 2:24-CV-00424, 2025 WL 72165, at *2 (S.D.W. Va. Jan. 10, 2025).[1] Each of these factors

---

[1] Courts recognize that Rule 26(c)(1) of the *Federal Rules of Civil Procedure* grants "the authority to stay discovery pending the outcome of a dispositive motion." *Citynet, LLC v. Frontier W. Va. Inc.*, No. 2:14-cv-

weighs decidedly in favor of staying discovery while Amsted Graphite's motion to dismiss is pending.

11. *First*, the interests of judicial economy undoubtedly weigh in favor of a stay. In this case, Amsted Graphite has presented a clear and well-reasoned challenge to the constitutionality of Plaintiffs' claim. If successful, Amsted Graphite's motion to dismiss is completely dispositive of Plaintiffs' entire case case. *Accord E & I Holdings, LLC v. Bellmari Trading USA, Inc.*, No. 2:18-cv-00484, 2018 WL 5624269, at *1 (S.D. W. Va. Oct. 30, 2018) ("The motion to dismiss raises potentially dispositive legal issues, the resolution of which may obviate the need for or limit discovery in this case."); *Wilt v. Household Life Ins. Co.*, No. 2:14-cv-31400, 2015 WL 5501751, at *2 (S.D. W. Va. Sept. 16, 2015) (finding that "the interests of judicial economy weigh[ed] in favor of a stay" where a motion to dismiss "test[ed] the sufficiency of all claims").

12. Importantly, Courts have recognized that staying discovery is appropriate where a motion to dismiss challenges the constitutionality of a statute. *See Est. of Graham v. Sothebys Inc*, No. 2:11-CV-08604-JHN –FFM, 2012 WL 13227047, at *1 (C.D. Cal. Mar. 28, 2012) (holding that staying discovery "pending a decision" of a motion to dismiss challenging the constitutionality of a California statute "makes good sense because a decision in favor of Defendants will dispose of the case completely and avoid the burden and costs associated with discovery.") *See also*,

---

15947, 2016 WL 6133844, at *1 (S.D. W. Va. Oct. 19, 2016). Similar factors may apply when considering such a stay. *Id.* ("A number of factors, none wholly dispositive, guide the analysis under this rule for granting a stay pending the outcome of a dispositive motion. They are (1) the type of motion, (2) whether the motion is a legal challenge or dispute over the sufficiency of allegations, (3) the nature and complexity of the action, (4) whether counterclaims and/or cross-claims have been interposed, (5) whether other parties agree to the stay, (6) the posture or stage of the litigation, (6) the expected extent of discovery in light of the number of parties and complexity of the issues in the case, (7) and any other relevant circumstances." (internal quotation omitted)). *See also*, *Blankenship v. Napolitano*, No. 2:19-CV-00236, 2019 WL 6173530, at *3 (S.D.W. Va. Nov. 19, 2019) (citing to the non-exclusive seven factors and also noting that "[a]lternatively" the "three-factor analysis has been applied when considering whether to grant a motion to stay discovery.") Regardless, the factors are similar, and all satisfied in this case.

*Katana Silicon Technologies LLC v. Micron Technology, Inc.*, 2023 WL 7283395, *3–*6 (D. Idaho 2023); *Nakai v. Charter Commc'ns, Inc.*, No. CV 19-8035-GW-SSX, 2020 WL 1908949, at *6 (C.D. Cal. Apr. 15, 2020); *Hoffman v. Jelly Belly Candy Co., Inc.*, 2020 WL 5239884, at *2 (E.D. Cal. June 26, 2020) (granting stay of a TCPA case pending the Supreme Court's evaluation of a First Amendment challenge); *Seefeldt v. Ent. Consulting Int'l, LLC*, 441 F. Supp. 3d 775, 779 (E.D. Mo. 2020) (same).[2]

13. *Second,* Amsted will be subjected to significant hardship and inequity if the Court does not grant a stay of discovery. In fact, Plaintiffs are currently seeking detailed information not only as to the specific circumstances of each of the more than 1130 alleged CWA violations, but also every step taken – or proposed to be taken by Amsted Graphite – to remedy alleged ongoing violations. *See* Plaintiffs' First Set of Document Requests, attached as **Exhibit A**. Responding to this discovery presents a time-consuming and costly undertaking that will involve the necessary review of voluminous emails and records. This should not be required while Amsted Graphite's meritorious dispositive motion, which if granted would resolve any claim, remains pending.

14. Moreover, the existence of Plaintiffs' lawsuit inflicts an unconstitutional "here-and-now injury" on Defendant. The Supreme Court has held that a here-and-now injury occurs when a party is being subjected to unconstitutional authority by an actor that illegitimately wields government power. *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191 (2023); *see Seila Law LLC v. CFPB*, 591 U.S. 197, 212 (2020). That occurs here because Plaintiffs wield executive power, *see* ECF Doc. 8 at 5-8, in violation of the private nondelegation doctrine, *id.* at 8-15, and they have not been properly appointed. *Id.* at 18-21. The here-and-now injury was complete when Plaintiffs

[2] No discovery or additional factual development is necessary to address the constitutional questions presented in Defendant's motion to dismiss.

"fil[ed] their Complaint without the Government's 'say-so.'" *Id.* at 9 (quoting *FCC v. Consumers' Rsch.*, 606 U.S. 656, 695 (2025)).

15. Allowing discovery to proceed would exacerbate this injury because every time Plaintiffs serve an interrogatory or request for production and notice a deposition without the Government's "say-so," this will further subject Amsted Graphite to illegitimately-wielded governmental power. *Space Exploration Techs. Corp. v. NLRB*, 151 F.4th 761, 780 (5th Cir. 2025); *see Suri v. Trump*, 184 F.4th 260, 297, 2026 WL 2123557, at *25 (4th Cir. July 23, 2026).

16. Finally, Plaintiffs will not be prejudiced by a brief stay of discovery. This matter is in its infancy. This Court only entered its Scheduling Order on October 16, 2026, and the current completion of discovery deadline is not until June 4, 2027. ECF No. 27. Therefore, "[a] relatively short stay in potentially expensive discovery in this matter will not cause Plaintiff to suffer any particular hardship." *Wilt*, No. 2:14-cv-31400, 2015 WL 551751, at *2; *see also Mullis v. Mountain State Univ., Inc.*, No. 5:12-03158, 2014 WL 5465749, at *2 (S.D. W. Va. Oct. 28, 2014) (reasoning that a plaintiff would not be prejudiced by a stay partially because "the stay will not last indefinitely").

17. Indeed, "it is well established that mere delay in the litigation does not establish undue prejudice for purposes of a motion to stay," *True Return Sys. LLC v. Compound Protocol*, 2024 WL 358107, at *2 (S.D.N.Y. Jan. 31, 2024), and courts often hold that "[a] short stay will not prejudice plaintiffs." *Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015). *See also*, *Leace v. Gen. Motors LLC*, 2021 WL 2827759, at *3 (S.D. Fla. July 8, 2021) (granting stay of discovery pending dispositive motion where "[t]emporarily staying discovery at this juncture will not create case management obstacles or delay the prosecution of this case").

18. For these reasons, a brief stay of discovery is the most efficient and logical use of judicial and litigation resources pending the Court's decision on Amsted Graphite's motion to dismiss. If the Court grants the motion to dismiss, any discovery that takes place in the meantime will result only in wasted judicial resources and the resources of the parties. Although "the mere filing of a dispositive motion does not entitle the moving party to a stay of discovery, in balancing the harm produced by a stay of discovery against the possibility that the motion to dismiss will be granted and entirely eliminate the need for such discovery," there can be no doubt "that the motion to stay discovery . . . should be granted" in this matter. *Sheehan v. United States*, No. 5:11CV170, 2012 WL 1142709, at *2 (N.D. W. Va. Apr. 4, 2012).

19. Prior to filing the instant motion, Amsted Graphite contacted Plaintiffs to request that they join in such a motion and agree that discovery should be stayed pending a decision on Amsted Graphite's motion to dismiss. Plaintiffs declined to do so.

WHEREFORE, this Defendant, Amsted Graphite Materials LLC, respectfully moves this Honorable Court for an Order staying discovery in this matter pending resolution of its motion to dismiss.

Respectfully submitted,

*<u>/s/ Peter Raupp</u>*

Peter Raupp, Esq. (WVSB #10546)
David M. Flanner (WVSB #1216)
Kathy G. Beckett (WVSB #4998)
Allyn G. Turner (WVSB #5561)
Steptoe & Johnson PLLC
Chase Tower, 17th Floor
Post Office Box 1588
Charleston, WV 25326-1588
Telephone: (304) 353-8000
Facsimile: (304) 353-8180
Peter.Raupp@Steptoe-Johnson.com
Dave.Flannery@Steptoe-Johnson.com
Kathy.Beckett@Steptoe-Johnson.com

Allyn.Turner@Steptoe-Johnson.com

And

Sean J. Radomski* (Pa. Bar # 319732)
Pacific Legal Foundation
3100 Clarendon Blvd, Suite 1000
Arlington, VA 22201
(202) 888-6881
sradomski@pacificlegal.org

Damien M. Schiff* (Cal.. Bar #235101)
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
(916) 419-7111
dschiff@pacificlegal.org

*Pro Hac Vice Pending

Counsel for Amsted Graphite Materials LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG DIVISION**

| | | |
|---|---|---|
| WEST VIRGINIA RIVERS COALITION and WEST VIRGINIA HIGHLANDS CONSERVANCY,<br><br>Plaintiffs,<br><br>v.<br><br>AMSTED GRAPHITE MATERIALS LLC,<br><br>Defendant. | ) | No. 1:26-cv-00046 |

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2026, I electronically filed the foregoing "Memorandum of Law in Support of Defendant Amsted Graphite Materials LLC's Motion to Stay Discovery" with the Clerk of the District Court using the CM/ECF system, which is understood to have sent notification of such filing electronically to all counsel of record.

*/s/ Peter Raupp*
*Attorney for Defendant*